IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3288 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TIMOTHY SCHMIDT , et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for review of the complaint filed by the plaintiff, Richard Otto Hansen, currently a federal prisoner. Also before the court is filing no. 3, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of complaints brought by persons in custody, and restricts remedies and procedures in prisoner litigation. 28 U.S.C. § 1915A, for example, requires "screening" of prisoner complaints:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Similarly, by moving for leave to proceed in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's complaint on its face must be dismissed under both 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) for several reasons. First, the plaintiff has requests monetary relief from two persons, a prosecutor and a district judge, who are immune from such relief. Second, and more important, the plaintiff attacks a criminal conviction against him rendered by a state district court. Specifically, the plaintiff challenges his conviction in the District Court of Nuckolls County, Nebraska, on or about November 19, 2003, for the offense of pandering, in violation of Neb. Rev. Stat. § 28-802(d).[1] The plaintiff entered a plea of no contest to the charge of pandering, and he did not appeal the judgment of conviction. He now attacks the validity of that plea.

An attack on a conviction of the kind brought by the plaintiff may not be brought as a civil rights case pursuant to 42 U.S.C. § 1983, but must be brought by writ of habeas corpus. The plaintiff clearly was aware of that legal distinction, as he previously brought the same case by a Petition for Writ of Habeas Corpus in Case No. 8:06cv518, Hansen

---

[1]Neb. Rev. Stat. § 28-802 states:

(1) A person commits pandering if such person:
    (a) Entices another person to become a prostitute; or
    (b) Procures or harbors therein an inmate for a house of prostitution or for any place where prostitution is practiced or allowed; or
    (c) Inveigles, entices, persuades, encourages, or procures any person to come into or leave this state for the purpose of prostitution or debauchery; or
    (d) Receives or gives or agrees to receive or give any money or other thing of value for procuring or attempting to procure any person to become a prostitute or commit an act of prostitution or come into this state or leave this state for the purpose of prostitution or debauchery.
(2) Pandering is a Class IV felony.

v. Rios, which he filed on July 28, 2006. However, Senior District Judge Warren K. Urbom dismissed the habeas corpus action on August 18, 2006, as the plaintiff had fully served his state sentence, the sentence had expired, and he was no longer in state custody for the challenged conviction. Therefore, he had lost his ability to challenge the pandering conviction in a state habeas proceeding.

On the other hand, the plaintiff is presently challenging aspects of the pandering conviction indirectly in the context of a proceeding pursuant to 28 U.S.C. § 2255. See Case No. 4:95cr3032, United States v. Hansen. In that case, the issue is whether the request by the Nebraska State Patrol that the plaintiff register as a sex offender because of the pandering conviction violates a plea agreement in criminal Case No. 4:95cr3032.

This case must be dismissed for failure to state a claim on which relief may be granted and because the plaintiff seeks monetary relief from defendants who are immune from such relief. Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee. Judgment will be entered accordingly.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That filing no. 3 is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

December 13, 2006.            BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge