IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3288 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| TIMOTHY SCHMIDT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 10, the Notice of Appeal filed by the plaintiff, Richard Otto Hansen, a prisoner. The plaintiff appeals filing no. 8, the Memorandum and Order in which I dismissed the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), and filing no. 9, the accompanying Judgment. Also before the court is filing no. 11, the plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") on appeal.

The plaintiff's Application to proceed IFP on appeal is denied. The Eighth Circuit Court of Appeals has stated that "[d]istrict courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'" Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).

Having considered the record in this action, I conclude that this appeal is not taken in good faith. As discussed in filing no. 8, the plaintiff's claims in this case overlap those brought by the plaintiff in a pending proceeding pursuant to 28 U.S.C. § 2255 in this court, see Case No. 4:95cr3032, United States v. Hansen, and those which were dismissed in a proceeding pursuant to 28 U.S.C. § 2254 as untimely, see Case No. 8:06cv518, Hansen v. Rios. In this action, the plaintiff is attempting to use the federal civil rights laws to obtain

a remedy, i.e., to vacate a state court conviction, which is more properly sought in an action for habeas corpus.[1] Finally, insofar as the plaintiff seeks monetary relief, the defendants, a state judge and a prosecutor, are immune from such relief.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the IFP application filed in the district court, or by a new such application, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That filing no. 11, the plaintiff's Application for Leave to Proceed IFP on appeal, is denied; and

2. That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit.

January 4, 2007.          BY THE COURT:

                                         s/ *RICHARD G. KOPF*
                                         United States District Judge

---

[1] Specifically, the plaintiff challenges his conviction in the District Court of Nuckolls County, Nebraska, on or about November 19, 2003, for the offense of pandering, in violation of Neb. Rev. Stat. § 28-802(d). The plaintiff entered a plea of no contest to the charge of pandering, and he did not appeal the judgment of conviction. He now attacks the validity of that plea.